GEORGE J. BASSETT, BANK COMMISSIONER, *vs.*
THE MERCHANTS TRUST COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided December 4th, 1934.

*Michael V. Blansfield,* for the appellant (claimant).

*John D. Thoms,* for the appellee (receiver).

HAINES, J. On and before April 19th, 1930, Gerardo Cucolo, the father of the applicant, was engaged at Waterbury in the contracting business in the name of "Connecticut Concrete Company." In that name he had a checking account in the defendant bank and the bank held his personal note for $5000 secured by a mortgage upon his property. On the date named he gave to his son, the applicant, a bill of sale of the Concrete Company and all the assets thereof, which' was duly recorded in the office of the town clerk of Waterbury, and the title of the checking account was thereupon changed on the books of the bank to "Conn. Concrete Co.—Frank Cucolo."

Thereafter until December 23d, 1931, when the bank was closed, all deposits were made and checks drawn by Frank Cucolo and all statements of the account by the bank were rendered to him. On the last named date there was a balance of $1007.20 to the credit of the account. The trial court has found that immediately prior to January 25th, 1932, Gerardo offered the bank an assignment of certain accounts on which there were balances to the credit of the depositors, including some personal accounts of his own and of certain of his friends and of his minor children, together with the account of the Connecticut Concrete Company for $1007.20, "for the purpose of having all dividends declared, applied in the reduction of said mortgage debt;" the applicant agreed to the assignment for the purpose stated, and on January 25th, 1932, the account of "Conn. Concrete Co.—F. Cucolo" was assigned to the receiver "with the authority, consent and approval

of Frank Cucolo" together with the other accounts referred to; thereafter the account of one of the friends of Gerardo was withdrawn from the assignment with the consent of the receiver, but nothing was said or done about the withdrawal of any of the other accounts, and all dividends declared by the receiver were applied by him to the reduction of the mortgage note until February 2d, 1934, when the balance due thereon was $3876.63, on which date the applicant filed a petition that the dividends theretofore declared on the account of the Concrete Company, be now paid to him by the receiver.

The applicant attacks the finding that the assignment was "for the purpose of having all dividends declared, applied in the reduction of said mortgage debt." He says that, on the contrary, the evidence shows that the assignment was made on the understanding and agreement that the accounts thus assigned were to be accepted by the receiver as a set-off in full payment of the mortgage note of $5000, and he now contends that the assignment failed and the subsequent credit of the dividends on the Concrete Company's account as partial payments on the note, was unauthorized.

The evidence is meagre and in many respects inconclusive, but there is sufficient in the testimony of the Cucolos to confirm their contention as to the terms upon which the assignment was made. On the other hand, the brief testimony of the vice-president of the bank in behalf of the receiver is simply that Gerardo "came into the bank and said he wanted to offer some accounts if they could be used to pay up his second mortgage, which at that time amounted to $5000." He added that one of the accounts so offered was that of Guerino, but that at a later date Gerardo came back

with Guerino and said he wanted to take out his account, he didn't want to use it, and from that time on the dividends on the Concrete Company account were credited on the mortgage. Gerardo signed a paper addressed to the receiver, which reads: "I hand you to be applied to any indebtedness to said bank in the amount of $5000 Second Mtge. . . . I claim set-off against the balance of said indebtedness by reason of balance of $ . . ." listing certain accounts including "Conn. Concrete Co., $1007.20 . . ." All this, though indefinite, rather confirms than denies the claims of the applicant as to the terms upon which the assignment was made, and since the record does not furnish any other evidence upon that feature of the case, we are forced to the conclusion that the finding complained of cannot stand.

The evidence is clear that the total of these credit accounts was less than $5000, and it is manifest that the dividends declared upon them could not be sufficient to pay the debt in full. The receiver was without legal authority to accept them as a set-off in full payment of the mortgage debt. *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 193, 90 Atl. 369; *Bassett* v. *City Bank & Trust Co.*, 115 Conn. 1, 6, 7, 160 Atl. 60; *Bassett* v. *Merchants Trust Co.*, 115 Conn. 364, 373, 161 Atl. 785. The authority of the receiver to apply the dividends on the claimant's account to the payment of the mortgage debt must be found, if at all, in the agreement, and since that agreement only contemplated payment of the note in full, it follows that the action of the receiver in applying them as a partial payment thereon under the circumstances was unauthorized and void.

This conclusion renders it unnecessary to discuss the other assignments of error.

There is error; the cause is remanded with direction to enter judgment for the applicant.

In this opinion the other judges concurred.